**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN COVERT,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-02022** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **RN BRENDA HOUSER, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

On November 2, 2020, <u>pro se</u> Plaintiff John Covert ("Plaintiff"), who is presently incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania ("SCI Mahanoy"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants RN Brenda Houser ("Houser"), Ms. White ("White"), Ms. B. Mason ("Mason"), and Prison Health Services ("PHS"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (Doc. No. 5.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and dismiss his complaint with leave to amend.

## I.    BACKGROUND

In his complaint, Plaintiff asserts that he has exhausted all his resources to attempt "to get the medication and physical [therapy] that [he needs] for [his] plantar fasciitis." (Doc. No. 1 at 1-2.) Plaintiff avers that his doctor and foot and ankle specialist submitted paperwork to SCI Mahanoy regarding what Plaintiff "need[s] done to [his] feet." (<u>Id.</u> at 2.) According to Plaintiff,

---

[1] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

the medical staff at SCI Mahanoy only provide him 600mg of Ibuprofen; Plaintiff avers that he is supposed to be receiving 600mg of Gabapentin as well as physical therapy.  (Id.)  He further maintains that an unnamed female staff member has "been trying to take [him] off all [his] pain [medications]" and states that she cannot help Plaintiff "at all."  (Id. at 5.)  As relief, Plaintiff requests that he be provided medications and physical therapy and that the medical staff "do what was [recommended] by doctors and [specialists]."  (Id.)

## II.   LEGAL STANDARD

### A.   Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D.

Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the

complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp.,
629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner
litigation, a district court must be mindful that a document filed pro se is "to be liberally
construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however
inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by
lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted)
(quoting Estelle, 429 U.S. at 106).

> **B.      Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of
federal constitutional rights committed by state officials.  See 42 U.S.C. § 1983.  The statute
states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

Id.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to
vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon,
331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85
(2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the
conduct complained of was committed by persons acting under color of state law; and (2) the
conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United
States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West
v. Atkins, 487 U.S. 42, 48 (1988)).

## III.    DISCUSSION

### A.    Plaintiff's Complaint

As noted <u>supra</u>, Plaintiff names Houser, White, Mason, and PHS as Defendants in the above-captioned case.  However, for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  <u>See</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Solan v. Ranck</u>, 326 F. App'x 97, 100 (3d Cir. 2009).  In the instant case, Plaintiff has not adequately pled facts regarding how the named Defendants were personally involved in the alleged violations of his constitutional rights.  <u>See</u> <u>Lawal v McDonald</u>, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); <u>Hudson v. City of McKeesport</u>, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him).  While Plaintiff avers that "she has been trying to take [him] off all [his] pain [medications]," the Court cannot discern to whom Plaintiff refers at this time.  Without more, the Court cannot proceed on Plaintiff's claims against Defendants as pled.

Moreover, under § 1983, a private corporation, such as PHS, contracted to provide healthcare for inmates cannot be held liable pursuant to <u>respondeat</u> <u>superior</u>; instead, a plaintiff must allege that the entity had a policy, practice, or custom that caused his or her injury.  <u>See</u> <u>Shade v. Stanish</u>, No. 1:19-cv-1429, 2020 WL 869748, at *7 (M.D. Pa. Feb. 21, 2020); <u>see</u> <u>also</u> <u>Carpenter v. Kloptoski</u>, No. 1:08-cv-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (concluding that a § 1983 claim against a private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).  Here, Plaintiff fails to allege any

facts suggesting that the alleged deficiencies in his medical care were the result of PHS's policies, customs, or practices.

It also appears that Plaintiff seeks to proceed against Defendants White and Mason based upon their respective supervisory positions as Deputy Superintendent and Superintendent at SCI Mahanoy. Supervisors, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." See Iqbal, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to § 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." See Merring v. City of Carbondale, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). In the instant case, Plaintiff's complaint fails to set forth plausible supervisory liability claims against Defendants White and Mason. He has pled no facts suggesting that they participated or acquiesced in the alleged violation of his rights, and he has not identified any policy that allegedly caused the violation of his rights. See McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009).

Notwithstanding the deficiencies set forth above, Plaintiff fails to set forth a plausible Eighth Amendment claim against Defendants at this time.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners.  In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's objectively serious medical needs.  See Farmer, 511 U.S. at 834, 837; Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety."  See Farmer, 511 U.S. at 837.  Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it.  See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842).  The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.  See Rouse, 182 F.3d at 197.

Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation.  See White v. Napoleon, 897 F.2d

7

103, 108-10 (3d Cir. 1990); <u>see also</u> <u>Pearson v. Prison Health Servs.</u>, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."); <u>Brown v. Borough of Chambersburg</u>, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment[,] his behavior will not violate a prisoner's constitutional rights.").  If there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second-guess the medical judgment of the attending physician.  <u>See</u> <u>Caldwell v. Luzerne Cty. Corr. Facility Mgmt. Emp.</u>, 732 F. Supp. 2d 458, 472 (M.D. Pa. 2010) ("Courts will not second guess whether a particular course of treatment is adequate or proper."); <u>Little v. Lycoming Cty.</u>, 912 F. Supp. 809, 815 (M.D. Pa.), <u>aff'd</u>, 101 F.3d 691 (3d Cir. 1996). Therefore, a mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment that the inmate receives does not support a claim of deliberate indifference.  <u>See</u> <u>Pearson</u>, 850 F.3d at 535; <u>Monmouth Cty. Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir. 1987).  Moreover, a prison doctor's use of a treatment regimen different than that prescribed by a private physician does not necessarily amount to deliberate indifference.  <u>See</u> <u>Johnson v. Cash</u>, 557 F. App'x 102, 104 (3d Cir. 2013) (citing <u>McCracken v. Jones</u>, 562 F.2d 22, 24 (10th Cir. 1977)).  The question is, therefore, "whether the defendant has provided the plaintiff with some type of treatment, despite whether it is what plaintiff wants."  <u>See</u> <u>Jacobs v. Lisiak</u>, Civ. No. 15-00686, 2016 WL 344431, at *4 (M.D. Pa. Jan. 28, 2016); <u>Farmer v. Carlson</u>, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

In the instant case, Plaintiff has not set forth a plausible Eighth Amendment claim against Defendants at this time.  In his complaint, Plaintiff maintains that his doctor and foot and ankle specialist have recommended that he receive physical therapy and 600mg of Gabapentin for his

plantar fasciitis.  (Doc. No. 1 at 1-2.)  He avers that despite these recommendations, medical staff at SCI Mahanoy are providing only 600mg Ibuprofen.  (Id. at 2.)  Plaintiff's complaint, as pled, fails to suggest that Defendants were aware of Plaintiff's medical condition and completely refused or delayed treatment.  As pled, Plaintiff's complaint at most sets forth a disagreement as to the care provided to him, and such disagreement is not sufficient to maintain an Eighth Amendment claim.  See Hemingway v. Gosa, No. 19-cv-583, 2020 WL 2556914, at *16 (M.D. Pa. May 20, 2020) (collecting pertinent authority).

   B.   **Leave to Amend**

   Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

   Based on the foregoing, the Court will permit Plaintiff to file an amended complaint against Defendants that corrects the deficiencies identified herein.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by

itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed <u>in forma</u> <u>pauperis</u> (Doc. No. 5) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint, consistent with the Court's discussion herein.  An appropriate Order follows.